Nicholas D. Myers (State Bar No. 251809)
 *nicholas@themyerslg.com*
Michael M. Kowsari (State Bar No. 186899)
 *michael@themyerslg.com*
Clifford L. White (State Bar No. 210423)
 *cliff@themyerslg.com*
**THE MYERS LAW GROUP**
4695 MacArthur Court, Suite 200
Newport Beach, California 92660
T:  949.825.5590
F:  949.861.6220
E: *litigation@themyerslg.com*

Attorneys for Defendants WEBBER
FILMS, LLC; JOSHUA WEBBER;
RIVETING ENTERTAINMENT, LLC;
GRAVITAS VENTURES, LLC; and AC
JV, LLC d/b/a FATHOM EVENTS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PREDESTINED ENTERTAINMENT, LLC, a California limited liability company; and TAMERA HILDEBRAND-McDOWELL,<br><br>            Plaintiffs,<br><br>     v.<br><br>WEBBER FILMS, LLC, a California limited liability company; JOSHUA WEBBER, an individual; RIVETING ENTERTAINMENT, LLC, a California limited liability company; GRAVITAS VENTURES, LLC, a Delaware limited liability company; AC JV, LLC d/b/a FATHOM EVENTS, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:21-cv-00729-FMO-E<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed Concurrently with Request for Judicial Notice, Declaration of Michael M. Kowsari, and Proposed Order*<br><br>Judge:  Hon. Fernando M. Olguin<br>Date:      April 29, 2021<br>Time:     10:00 a.m.<br>Crtrm.:  6D |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE THAT** on April 29, 2021 at 10:00 a.m., or as soon

thereafter as counsel may be heard, in the courtroom of the Honorable Fernando M.

Olguin, located in the United States Courthouse, 350 W. 1st Street, Sixth Floor,

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

Courtroom 6D, Los Angeles, CA 90012, Defendants Webber Films, LLC and Joshua Webber (collectively "Webber Defendants") and Defendants Riveting Entertainment, LLC, Gravitas Ventures, LLC and AC JV, LLC doing business as Fathom Events (collectively "Distributing Defendants" and with the Webber Defendants "Defendants") will and hereby do move this Court for an Order dismissing, with prejudice, the Distributing Defendants as defendants to Plaintiffs Predestined Entertainment, LLC and Tamera Hildebrand-McDowell's ("Plaintiffs") Second Cause of Action for Declaration of Joint Authorship, Constructive Trust, and Equitable Accounting.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs' Second Cause of Action  fails to state facts sufficient to support a facially plausible claim against the Distributing Defendants. The Distributing Defendants are alleged to be licensees to one of the purported co-owners to the works at issue and therefore would owe no duty of accounting to Plaintiffs nor are Distributing Defendants alleged to have asserted any ownership rights to the purported co-owned works so as to create an actual case or controversy between them and Plaintiffs.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 19, 2021. (Decl. Michael Kowsari ¶ 3)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax  949.861.6220 • E-mail: litigation@themyerslg.com

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Date:  March 26, 2021                **THE MYERS LAW GROUP**

_/s/ Nicholas D. Myers_
Nicholas D. Myers
Michael M. Kowsari
Clifford L. White
Attorneys for Defendants WEBBER FILMS, LLC; JOSHUA WEBBER; RIVETING ENTERTAINMENT, LLC; GRAVITAS VENTURES, LLC; and AC JV, LLC d/b/a FATHOM EVENTS

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyersrg.com

## MEMORANDUM OF POINTS OF AUTHORITIES

### INTRODUCTION

Plaintiffs allege to have registered the copyright in the original screenplay titled *I Never Heard My Father Speak.* (Compl. ¶4). Defendant Webber Films, LLC entered into an Option Agreement with Plaintiffs to acquire all the rights (except stage) to the original screenplay. (*Id.* ¶¶ 13, 22 & Ex. 2). The parties dispute whether the Option Agreement was properly exercised. Regardless, Webber Films and its owner Joshua Webber (collectively "Webber Defendants") thereafter adapted the original screenplay, shot the film, and released the movie in theatres and on Netflix. (*Id.* ¶¶ 1, 12, 18, 25, 31-32). As part of the movie's release, Webber Films entered into separate agreements with Riveting Entertainment, LLC, Gravitas Ventures, LLC, and AC JV, LLC doing business as Fathom Events (collectively "Distributing Defendants") to distribute it.  (*Id.* ¶¶ 12, 31).

Among the causes of action brought by Plaintiffs[1] in their Complaint is one titled "Second Claim for Relief – Declaration of Joint Authorship, Constructive Trust, and Equitable Accounting," asserting that the Option Agreement was never exercised, that Plaintiffs should be declared the co-owner/co-author to both the adapted screenplay and the motion picture developed by the Webber Defendants, and they should receive an accounting for the monies received from the exploitation of the works. (Compl. ¶¶33, 35). Curiously, Plaintiffs have not only listed the Webber Defendants as parties to this cause of action, but also the Distributing Defendants.[2]

---

[1] Plaintiffs have brought a breach of contract claim (the First Cause of Action) against the Webber Defendants for failing to honor the terms of the Option Agreement. In turn, a claim (Third Cause of Action) has been asserted against all the Defendants for infringing the copyright to the original screenplay by producing and distributing the motion picture.

[2] The Webber Defendants join in the Motion to Dismiss because the Second Cause of Action in the Complaint lacks clarity on the Plaintiffs' claim to joint authorship.  The issue is pled as if the Webber Defendants did not exercise the option to the original screenplay, (Compl. ¶35), rendering the adapted screenplay and motion picture unauthorized derivative works to which no separate copyrightable material would exist. See 17 U.S.C. 103(a). Yet the claim also alleges that all the Defendants are claiming copyright ownership to the new material in the unauthorized derivative works. Resolution of how the Distributing Defendants are claimed to have ownership over these derivative works would bring about some of the clarity that currently is missing in the Second Cause of Action.

THE MYERS LAW GROUP

4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

(*Id.* at p.9 lns. 23-24). None of the Distributing Defendants are alleged to have made any claim of ownership to the adapted screenplay or to the motion picture.[3]  Instead, they are alleged to be licensees of the Webber Defendants to the works at issue. (Compl. ¶¶ 12, 31). Simply put, there is no actual case or controversy between them and Plaintiffs as to ownership of the copyright in the adapted screenplay or the motion picture. Likewise, naming the Distributing Defendants as parties to this cause of action is improper because as a licensee to one of the purported co-owners to a copyrighted work they owe no duty to provide an accounting to the other putative co-owner. Such financial questions are an issue solely between the co-owners to a copyrighted work.

Therefore, the Defendants request that the Court should dismiss the Distributing Defendants as parties to Plaintiffs' Second Cause of Action.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss, the court is limited to the allegations in the complaint (including any documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To sufficiently state a claim for relief, a complaint "does not need detailed factual allegations" but

---

[3] Indeed, the Second Cause of Action is premised on the assumption that the Webber Defendants failed to exercise the option to the original screenplay, (Compl. ¶35)("Webber Films failed to legally exercise its option to acquire rights in and to the Property"), which would mean the Webber Defendants would have had no ownership rights to purportedly transfer to or for the Distributing Defendants to purportedly claim a right to owning.

the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, the plaintiff must allege facts that, if accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although courts must accept as true all "well-pleaded factual allegations" in the complaint, *Iqbal*, 556 U.S. at 678, courts are not required to accept as true "a legal conclusion couched as a factual allegation." *Id*. A complaint that does not meet the plausibility standard cannot survive a motion to dismiss. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the basic deficiency . . . should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## ARGUMENT

Here, the allegations in the Complaint assert the following facts upon which the Second Cause of Action against the Distributing Defendants is based:

Plaintiffs registered the copyright in an original screenplay titled *I Never Heard My Father Speak*. (Compl. ¶4). Thereafter, the Webber Defendants "adapted" the original screenplay into a motion picture. (*Id*. ¶¶ 1, 12, 18, 25, 31-32). The movie was then distributed to theatres, Netflix and other media outlets through separate agreements Defendant Webber Films, LLC entered into with the Distributing

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

THE MYERS LAW GROUP

4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660

Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

1  Defendants. (*Id*. ¶12)

2      Defendant Webber Films, LLC then filed a copyright registration, Copyright

3  Reg. PAu003856170, in the motion picture. (*Id*. ¶ 31). Defendant Joshua Webber

4  likewise took a registration, Copyright Reg. TXu002035108, in the film's adapted

5  screenplay.  (*Id*.). Copies of these copyright registrations make clear that defendants

6  Webber Films, LLC (as to the motion picture) and Joshua Webber (as to the adapted

7  screenplay) claim sole author, and thus ownership, rights to the respective works.

8  Thus, the copyright registration to the motion picture only identifies "Webber Films,

9  LLC" as the "copyright claimant." (Kowsari Decl., Ex. A). The registration to the

10 adapted screenplay in turn only identifies "Joshua Webber" as the "copyright

11 claimant." (*Id*., Ex. B).

12      It is this failure to identify the Plaintiffs as co-authors in the copyright to the

13 motion picture and adapted screenplay[4] that appears to form the basis for the Second

14 Cause of Action in the Complaint. Plaintiffs allege that the motion picture and adapted

15 screenplay "are an adaption and thus derivative of the original" screenplay in that both

16 "use[] and contain[] most of the preexisting creative elements of" the original

17 screenplay, "including original characters, plot, names, storyline, chronology, and

18 themes." (Compl. ¶ 32). They allege that information was "omit[ted]" from the

19 "copyright registrations" to the motion picture and adapted screenplay.  (*Id*.).  As a

20 consequence, Plaintiffs "seek [a] decree[] that [the] film [and adapted screenplay]. . .

21 is a 'joint work'" with them designated as "co-author of and co-owner thereof,"

22 entitling them to "accountings for the use and exploitation of the" works. (*Id*. ¶ 35).

23      The allegations in the complaint, however, also make it clear that the

24 Distributing Defendants' only connection to the purported co-owned works is that

25 they have a license from one of the putative joint authors – Webber Films, LLC – to

26 distribute them. (Compl. ¶ 12).  They are not alleged to have asserted any ownership

27 _____

28 [4] Again these registrations were supposedly made without the Webber Defendants having exercised the option to own all the rights (save stage) to the original screenplay. (Compl. ¶35).

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel  949.825.5590  •  Fax  949.861.6220  •  E-mail: litigation@themyerslg.com

1    rights to the works at issue. Without any such allegation, Plaintiffs cannot establish a

2    plausible claim for a declaration of the author/ownership rights as between them and

3    the Distributing Defendants to the copyright in the works at issue.[5]  There is simply

4    no actual case or controversy on that point.

5         The Declaratory Judgment Act provides that "[i]n a case of **actual controversy**

6    within its jurisdiction . . . any court of the United States . . . may declare the rights and

7    other legal relations of any interested party seeking such declaration, whether or not

8    further relief is or could be sought." 28 U.S.C. § 2201(a)(emphasis added). A court

9    may only hear a declaratory judgment action if the claim presents a justiciable case or

10   controversy. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665 (9th Cir. 2005).

11   To determine whether a declaratory judgment action presents a justiciable case or

12   controversy, courts consider whether the facts alleged, under all circumstances, show

13   that "there is a substantial controversy, between parties having adverse legal interests,

14   of sufficient immediacy and reality to warrant the issuance of a declaratory

15   judgment." *Id.* at 671. The parties' "disagreement must not be nebulous or contingent

16   but must have taken on fixed and final shape so that a court can see what legal issues

17   it is deciding, what effect its decision will have on the adversaries, and some useful

18   purpose to be achieved in deciding them." *Public Serv. Comm'n of Utah v. Wycoff*

19   *Co., Inc.*, 344 U.S. 237, 244 (1952).

20        Here, the Complaint presents no allegations that there is an "adverse interest"

21   of any "reality" between the Distributing Defendants and Plaintiffs with respect to

22   whether Plaintiffs are co-authors or co-owners to the copyright in the motion picture

23   and adapted screenplay. The Complaint alleges that Distributing Defendants are the

24   licensees to one of the putative co-authors/co-owners. Permitting Plaintiffs to proceed

---

[5] Indeed, if the option to the original screenplay was not exercised as it is alleged in the Second Cause of Action, (Compl. ¶35), then the acts complained of therein (the making and exploitation of derivatives to the original screenplay) by any of the Defendants, not just the Distributing Defendants, would be in the nature of copyright infringement not co-ownership.  See 1 Melvin B. Nimmer & David Nimmer, *Nimmer on Copyright* § 3.06 (rev. ed. 2018). That claim, however, is already plead in the Third Cause of Action to the Complaint, rendering the Second Cause of Action duplicative.

8

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

1    with such a claim against the Distributing Defendants would result in the Court not

2    only adjudicating a non-existent, unfixed issue, but expending judicial resources that

3    serve no useful purpose in doing so. *See generally Manning v. Dimech*, 2015 WL

4    9581795 at *4 (C.D. Cal. Dec. 30, 2015)(dismissing claim for declaration as to

5    copyright infringement when defendant had not even taken a copyright registration to

6    the work at issue).

7         The Plaintiffs' request for an "accounting" in the Second Cause of Action

8    likewise serves no useful purpose as between the Plaintiffs and the Distributing

9    Defendants. The law is clear that any financial issue (*e.g.*, an accounting) related to

10   the exploitation of a co-owned work is solely between the co-owners thereto, and not

11   their licensees. *See Tate Corp. v. Ross*, 916 F.2d 516, 523 (9th Cir. 1990)(observing

12   any "claim for compensation" from a joint work "would have to be against the alleged

13   'co-author'" not their licensee); *Corbello v. DeVito*, 832 F.Supp.2d 1231, 1249 (D.

14   Nev. 2011)(dismissing licensees on claim for accounting for a joint work, noting

15   "joint owner's licensee's duties are limited to the licensee's contractual duties under

16   the license" and they "do not owe plaintiff a direct accounting"); *Siegel v. Warner

17   Bros. Entertainment Inc.*, 542 F.Supp.2d 1098, 1143 (C.D. Cal. 2008)("licensees . . .

18   are accountable only to their licensors, and owe no duty of accounting to the non-

19   licensor co-owner of a copyright the licensee exploits"); 1 Melville B. Nimmer &

20   David Nimmer, *Nimmer on Copyright* § 6.12[B] (rev. ed. 2018)("The courts have

21   uniformly recognized that one joint owner is accountable to the others for their

22   rateable share of the profits that he has realized from licensing the work. . . .

23   [However,] a right of accounting may be enforced ***only as against the joint owner-

24   licensor, and not as against his licensee***")(emphasis added).

25   / / /

26   / / /

27   / / /

28   / / /

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:21-CV-00729-FMO (Ex)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

## CONCLUSION

Based on the foregoing, the Defendants respectfully request for the Court to dismiss the Distributing Defendants as parties to the Second Cause of Action in the Complaint.

Date:  March 26, 2021          **THE MYERS LAW GROUP**

                              */s/ Nicholas D. Myers*
                              Nicholas D. Myers
                              Michael M. Kowsari
                              Clifford L. White
                              Attorneys for Defendants WEBBER
                              FILMS, LLC; JOSHUA WEBBER;
                              RIVETING ENTERTAINMENT, LLC;
                              GRAVITAS VENTURES, LLC; and AC
                              JV, LLC d/b/a FATHOM EVENTS

10

1

2

## DECLARATION OF ELECTRONIC SERVICE

### Central District of California Case No. 2:21-cv-00729-FMO-E

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 26, 2021, at Newport Beach, California.

By: /s/ Nicholas D. Myers
Nicholas D. Myers

THE MYERS LAW GROUP
4695 MACARTHUR COURT, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660
Tel 949.825.5590 • Fax 949.861.6220 • E-mail: litigation@themyerslg.com

11