1  LAW OFFICE OF COURTNEY M. COATES,
2  *A Professional Law Corporation*
   COURTNEY M. COATES, ESQ. (Bar No. 203448)
3  43537 Ridge Park Drive, Ste 100
   Temecula, CA 92590
4  Telephone: (951) 595-8118
   Facsimile: (951) 296-2186
5  ccoateslaw@gmail.com

6
   Attorneys for Plaintiffs PREDESTINED
7  ENTERTAINMENT, LLC and TAMERA HILDEBRAND-
   McDOWELL
8

9              **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  PREDESTINED ENTERTAINMENT, LLC, a California limited liability company, and TAMERA HILDEBRAND-McDOWELL<br><br>Plaintiffs,<br><br>v.<br><br>WEBBER FILMS, LLC, a California limited liability company; JOSHUA WEBBER, an individual; RIVETING ENTERTAINMENT, LLC, a California limited liability company; GRAVITAS VENTURES, LLC, a Delaware limited liability company; AC JV, LLC dba FATHOM EVENTS, a Delaware limited liability company; and DOES 1 through 10, inclusive<br><br>Defendants. | No. 2:21-cv-00729-FWS-E<br><br>**STIPULATED PROTECTIVE ORDER** |

-0-

**STIPULATED PROTECTIVE ORDER**

1

2
**I.          PURPOSES AND LIMITATIONS**

3
        A.   Discovery in this action is likely to involve production of confidential,

4

5 proprietary, or private information for which special protection from public disclosure and

6 from use for any purpose other than prosecuting this litigation may be warranted.

7 Accordingly, the parties hereby stipulate to and petition the Court to enter the following

8 Stipulated Protective Order.  The parties acknowledge that this Order does not confer

9

10 blanket protections on all disclosures or responses to discovery and that the protection it

11 affords from public disclosure and use extends only to the limited information or items

12 that are entitled to confidential treatment under the applicable legal principles.  The parties

13 further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective

14 Order does not entitle them to file confidential information under seal; Civil Local Rule

15 79-5 sets forth the procedures that must be followed and the standards that will be applied

16

17 when a party seeks permission from the Court to file material under seal.

18

19

20

21              **DEFINITIONS**

22        A.

23        A.   Challenging Party:  A Party or Non-Party that challenges the confidentiality

24 designation of information or items under this Order.

25

26

27

28

- 1 -

B.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

C.   <u>Counsel</u>:  Outside Counsel of Record  .

D.   <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

E.   <u>Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

F.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action that is not a past or current employee of a Party or of a Party's competitor, and at the time of retention, is not anticipated to become an employee or a Party or of a Party's competitor.

G.   "ATTORNEY'S EYES ONLY" Information of Items: Extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

H.

- 2 -

STIPULATION FOR PROTECTIVE ORDER

Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I.   Outside Counsel of Record:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

J.   Party:  Any party to this action, including all of its officers, directors, employees, , retained experts, and Outside Counsel of Record .

K.   Producing Party:  A Party or Non-Party that produces  Discovery Material in this action.

L.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M.   Protected Material:  Any  Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

N.   Receiving Party:  A Party that receives Discovery Material from a Producing Party.

**III.     SCOPE**

A.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

- 3 -

STIPULATION FOR PROTECTIVE ORDER

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, (b) any information known to the Receiving Party prior to disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully without any violation of this Order and under no obligations of confidentiality to the Designating Party.

B.   Any use of Protected Material at trial shall be governed by separate agreement or order.

**IV.      DURATION**

A.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.      DESIGNATING PROTECTED MATERIAL**

A. Exercise of Restraint and Care in Designating Material for Protection

- 4 -

STIPULATION FOR PROTECTIVE ORDER

1          1.       Each Party or Non-Party that designates information or items for

2    protection under this Order must take care to limit any such designation to specific

3    material that qualifies under the appropriate standards.  To the extent it is practical to do

4    so, the Designating Party must designate for protection only those parts of material,

5    documents, items, or oral or written communications that qualify so that other portions

6    of the material, documents, items, or communications for which protection is not

7    warranted are not swept unjustifiably within the ambit of this Order.

8          2.       Mass, indiscriminate, or routinized designations are prohibited.

9    Designations that are shown to be clearly unjustified or that have been made for an

10   improper purpose (e.g., to unnecessarily encumber the case development process or to

11   impose unnecessary expenses and burdens on other parties) may expose the Designating

12   Party to sanctions.

13         3.       If it comes to a Designating Party's attention that information or

14   items that it designated for protection do not qualify for protection, that Designating

15   Party must promptly notify all other Parties that it is withdrawing the mistaken

16   designation.

17      B.   Manner and Timing of Designations

18         1.       Except as otherwise provided in this Order , or as otherwise

19   stipulated or ordered,  Discovery Material that qualifies for protection under this Order

20   must be clearly so designated before the material is disclosed or produced.

21         2.       Designation in conformity with this Order requires the following:

STIPULATION FOR PROTECTIVE ORDER

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" (hereinafter "designation legend"), to each page that contains such protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEY'S EYES ONLY"  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation legend (either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY") to each page that contains such Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

- 6 -

STIPULATION FOR PROTECTIVE ORDER

c.      For testimony given in depositions or trial proceedings, that

the Designating Party identify on the record, before  the close of the deposition, hearing

or other proceeding, all protected testimony and specify the level of protection being

asserted.  When it is impractical to identify separately each portion of testimony that is

entitiled to protection and it appears that substantial portions of testimony may qualify

for protection, the Designating Party may invoke on the record (before the deposition,

hearing or other proceeding is concluded) a right to have up to 21 days to identify the

specific portions of the testimony as to which protection is sought and to specify the

level of protection being asserted. During that 21 day period, the entire transcript shall

be treated as "ATTORNEY'S EYES ONLY." Parties shall give the other parties notice

if they reasonably expect a deposition, hearing or other proceeding to include Protected

Material so that the other parties can ensure that only authorized individuals who have

signed the "Acknowledgement" in Attachment A are present at those proceedings.

Failure to ensure that only authorized individuals are present shall subject the

responsible party to sanctions, including appropriate monetary fees. The use of a

document as an exhibit at a deposition, hearing or other proceeding shall not in any way

affect its designation as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a

list of all pages (including line numbers as appropriate) that have been designated as

Protected Material and the level of protection being asserted by the Designating Party.

The Designating Party shall inform the court reporter of these requirements.  Any

- 7 -

STIPULATION FOR PROTECTIVE ORDER

transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEY'S EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of the period, the transcript shall be treated only as actually designated.

             d.    <u>For information produced in a form other than a document or any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."  If only a portion or portions of the information warrants such protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

C.  Inadvertent Failure to Designate

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon  correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.          CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

To so challenge a designation, the Party or Non-Party must provide written notice of each designation it is challenging and describing the basis for each challenge.

- 8 -

1  The parties shall attempt to resolve each challenge in good faith and must begin the

2  process of conferring directly (voice to voice). If the parties cannot resolve a challenge,

3

4  the Receiving Party shall file and serve a motion to un-designate within twenty-one (21)

5  days of the initial notice of challenge.

6          Frivolous challenges, and those made for an improper purpose (e.g., to

7  harass or impose unnecessary expenses and burdens on other parties) shall expose the

8  Receiving Party to sanctions, including imposition of monetary fees.

9

10 **VII.     ACCESS TO AND USE OF PROTECTED MATERIAL**

11       A. Basic Principles

12       1.     A Receiving Party may use Protected Material that is disclosed or

13 produced by another Party or by a Non-Party in connection with this Action only for

14 prosecuting, defending, or attempting to settle this Action.  Such Protected Material

15 may be disclosed only to the categories of persons and under the conditions described

16 in this Order.  When the Action has been terminated, a Receiving Party must comply

17

18 with the provisions of Section XIV below.

19       2.     Protected Material must be stored and maintained by a Receiving

20 Party at a location and in a secure manner that ensures that access is limited to the

21 persons authorized under this Order.

22

23       B.   Disclosure of "CONFIDENTIAL" Information or Items

24       1.     Unless otherwise ordered by the Court or permitted in writing by the

25 Designating Party, a Receiving Party may disclose any information or item designated

26

27 "CONFIDENTIAL" only to:

28
- 9 -

STIPULATION FOR PROTECTIVE ORDER

        a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the Acknowledgement that is attached hereto as Exhibit A;

        b.      The officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgement that is attached hereto as Exhibit A;

        c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment" that is attached hereto as Exhibit A;

        d.      The Court and its personnel;

        e.      Court reporters and their staff;

        f.      Professional jury or trial consultants, , and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment" that is attached hereto as Exhibit A;

        g.      The author or recipient of a document containing the information; and

        h.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary provided  the witness signs the "Acknowledgment" that is attached hereto as Exhibit A .  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be

- 10 -

separately bound by the court reporter and may not be disclosed to anyone except as

permitted under this Stipulated Protective Order;

    C.   Disclosure of "ATTORNEY'S EYES ONLY" Information or Items:

    Unless otherwise ordered by the court or permitted by the Designating Party, a

Receiving Party may disclose any information or item designated as "ATTORNEY'S

EYES ONLY" only to:

    a.    The Receiving Party's Outside Counsel of Record;

    b.    Experts (as defined in this Order) to whom disclosure is reasonably

necessary for this litigation and who have signed the "Acknowledgement" that is attached

hereto as Exhibit A;

    c.    The Court and its personnel;

    d.    The court reporter and their staff and who have signed the

"Acknowledgement" that is attached hereto as Exhibit A; and

    e.    The author or recipient of a document containing the information

designated as protected.

## VIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

    A.  If a Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this Action as

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," that Party must:

    1.    Notify in writing within ten (10) days of receipt of such request, the

Designating Party.  Such notification shall include a copy of the subpoena or court order;

- 11 -

2.      Promptly notify in writing the entity or individual who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

- 12 -

STIPULATION FOR PROTECTIVE ORDER

B.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   Make the information requested available for inspection by the Non-Party, if requested.

C.   If the Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

X.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

- 13 -

A.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2)  retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment" that is attached hereto as Exhibit A. Failure to adhere to the provisions in this section shall subject the Receiving Party to the imposition of sanctions, including monetary fees.

**XI.      MISCELLANEOUS**

A.   Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.   Right to Assert Other Objections

1.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.   Filing Protected Material

- 14 -

1        1.      A Party that seeks to file under seal any Protected Material must

comply with Civil Local Rule 79-5.  Protected Material may only be filed

under seal pursuant to a court order authorizing the sealing of the specific

Protected Material at issue.  If a Party's request to file Protected Material

under seal is denied by the Court, then the Receiving Party may file the

information in the public record unless otherwise instructed by the Court.

## XII.      FINAL DISPOSITION

A.   After the final disposition of this Action, as defined in Section V, within thirty

(30) days of a written request by the Designating Party, each Receiving Party must return

all Protected Material to the Producing Party or destroy such material.  As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit

a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 30 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

the Receiving Party has not retained any copies, abstracts, compilations, summaries or

any other format reproducing or capturing any of the Protected Material.

B.   Any violation of this Order may be punished by any and all appropriate

measures including, without limitation, contempt proceedings and/or monetary

sanctions.

- 15 -

STIPULATION FOR PROTECTIVE ORDER

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  September 20, 2022          Respectfully submitted,

**THE MYERS LAW GROUP**
*/s/Michael M. Kowsari*
Attorneys for All Defendants

Dated: September 19, 2022          Respectfully submitted,

**LAW OFFICES OF COURTNEY M. COATES**

*/s/ Courtney M. Coates*
Courtney M. Coates
Attorneys for All Plaintiffs

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 9/20/2022          /s/ Charles F. Eick

THE HONORABLE CHARLES F. EICK
United States Magistrate Judge

- 16 -

STIPULATION FOR PROTECTIVE ORDER

1

2
<u>EXHIBIT A</u>

3
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

4

5
I, _____ [printed name], of _____[printed address], declare under penalty

6
of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

7
issued by the United States District Court for the Central District of California on [insert date] in

8
the case of ***Predestined Entertainment, LLC, et al., v. Webber Films, LLC, et al.,*** **Case No. 2:21-**

9
**CV-00729-FWS (Ex).** I agree to comply with and be bound by all the terms of this Stipulated

10
Protective Order and I understand and acknowledge that failure to so comply could expose me to

11
sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

12
any manner any information or items that is subject to this Stipulated Protective Order to any

13
person or entity except in strict compliance with the provisions of this Order.

14

15
I further agree to subject myself to the jurisdiction of the United States District Court

16
for the Central District of California for the purpose of enforcing the terms of this Stipulated

17
Protective Order, even if such enforcement proceeding occurs after the termination of this action.

18
I hereby appoint _____ [print name] of _____[print address] as my California

19
agent for service of process in connection with this action or any proceeding related to enforcement

20
of this Stipulated Protective Order.

21

22

23

24
Date:

25
City and State where sworn and signed:

26
Printed Name:

27
Signature:   **DECLARATION OF ELECTRONIC SERVICE**
                  **Central District of California Case No. 2:21-cv-00729-FMO-E**

28

- 17 -

STIPULATION FOR PROTECTIVE ORDER