___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-00729-FWS-E                                   Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [61]**

    Before the court is Defendants AC JV, LLC, Does 1 through 10, Gravitas Ventures, LLC, Riveting Entertainment, LLC, Joshua Webber, Webber Films, LLC's (collectively, "Defendants") Motion for Summary Judgment on Plaintiffs Predestined Entertainment, LLC and Tamera Hildebrand-McDowell's (collectively, "Plaintiffs") second cause of action ("Motion" or "Mot."). (Dkt. 61.) On September 8, 2022, Defendants filed a Statement of Uncontroverted Facts and Conclusions of Law. (Dkt. 62.) On September 22, 2022, Plaintiffs filed an Opposition ("Opp."). (Dkt. 65.) Plaintiffs' Opposition is supported by the declarations of Plaintiff Tamera Hildebrand-McDowell ("Hildebrand-McDowell Decl."), Plaintiff's husband Eddie McDowell ("McDowell Decl.") and exhibits attached therein. (Dkts. 66, 67.) On September 22, 2022, Plaintiffs also filed a Request for Judicial Notice ("RJN") and a Response to Defendants' Statement of Uncontroverted Facts ("P. Response"). (Dkts. 68, 69.) On September 29, 2022, Defendants filed a Reply ("Reply") and a Response to Plaintiff's Additional Facts ("D. Response"). (Dkts. 71, 72.) On October 7, 2022, Plaintiffs filed evidentiary objections ("P. Evid. Obj."). (Dkt. 73.)

    On October 13, 2022, the court granted Plaintiff's *ex parte* application to file a Surreply and deemed the proposed Surreply at Docket No. 76 filed. (Dkt. 79.) The court previously held a hearing on the matter and took it under submission. (Dkt. 80.) Based on the state of the record, as applied to the applicable law, the Motion is **DENIED.**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-00729-FWS-E                                             Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

## I. Request for Judicial Notice

### a. Legal Standard

The court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts cannot take judicial notice of facts subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 n.11 (2007) ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

For example, "courts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (citations and internal quotation marks omitted). Additionally, courts "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment," if the material is "physically attached to the complaint." *Lee*, 250 F.3d at 688 (citations and internal quotation marks omitted). "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### b. Application

Plaintiffs request that the court take judicial notice of one document from the docket in this case: the parties' Joint Rule 26(f) report filed at Docket No. 27. (*See* Dkt. 68.) The exhibit is a court filing in this action. "It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). However, when the court takes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                          Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

notice of judicial records, it may only consider "the existence of the opinion, which is not subject to reasonable dispute over its authenticity" rather than "the truth of the facts cited therein." *Lee*, 250 F.3d at 690 (citation omitted). Accordingly, the court **GRANTS** Plaintiffs' Request as to the exhibit but the court will only consider the existence of the judicial records, not the truth of the facts asserted therein.

## II. Relevant Background

### a. Evidentiary Disputes

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010) ("A district court's ruling on a motion for summary judgment may only be based on admissible evidence."). In the context of a summary judgment, a district court "must also rule on evidentiary objections that are material to its ruling." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010). "A court can award summary judgment only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *accord Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 211 L. Ed. 2d 400 (Dec. 13, 2021). "[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence." *Burch*, 433 F. Supp. 2d at 1120; *see Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

The court does not consider objections based on the characterization or purported misstatement of the evidence. *Bischoff v. Brittain*, 183 F. Supp. 3d 1080, 1084 (E.D. Cal. 2016). "'[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself' and unnecessary to consider here." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (alteration in original) (citations omitted); *see also id.* ("[T]he Court does not consider any objections on the grounds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                                                            Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

that the evidence is irrelevant, speculative, argumentative, prejudicial, that it constitutes hearsay or inadmissible lay opinion, or that there is a lack of personal knowledge."). "Moreover, Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Id.* at 1164 (citation omitted); *see also Sandoval*, 985 F.3d at 665-67. "Similarly, the Court will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented." *Holt*, 370 F. Supp. 3d at 1164 (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1126 n.1 (E.D. Cal. 2008)).

In its analysis of the Motion, the court makes its determination of what constitutes a disputed fact based on its review of the record, including the Statement of Uncontroverted Facts, supporting evidence, and its rulings on the parties' objections raised in connection with the Motion. *See AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1071 (C.D. Cal. 2015) ("In deciding the motions for summary judgment, the [c]ourt examines the underlying evidence, not the summary statements or . . . compound paragraphs offered in the parties' statements of undisputed facts.") (citation omitted), *aff'd sub nom. AFMS LLC v. United Parcel Serv., Inc.*, 696 F. App'x 293 (9th Cir. 2017).

In this case, the court observes that the parties contest each other's facts by stating that the facts are "disputed," "denied," or "undisputed but immaterial." (*See* Dkts. 69, 72.) To the extent these statements are intended as evidentiary objections, they lack a cognizable legal basis. As explained in the court's Civil Standing Order, an evidentiary objection must "set forth a concise objection (e.g., hearsay, lack of foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation." (Dkt. 57 at 10.) Accordingly, the court finds the parties' statements that the facts are "disputed," "denied," or "undisputed but immaterial" are not cognizable evidentiary objections.

The court finds that the only proper evidentiary objections are those asserted by Plaintiffs regarding the second declaration of Defendant Webber, which was submitted with Defendants' Reply. (Dkt. 73.) Plaintiffs object to the second declaration of Defendant Webber on the grounds that the declaration violates the parol evidence rule and statute of frauds, is a sham affidavit, misstates the evidence, and raises new factual and legal arguments on Reply. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                      Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

      The court **OVERRULES** Plaintiffs' objections regarding the parol evidence rule and statute of frauds because the underlying testimony could potentially be presented at trial. *See Burch*, 433 F. Supp. 2d at 1120 ("[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence."). The court **OVERRULES** Plaintiffs' objection that the declaration violates the violates the sham affidavit rule because it is "false" and "not filed in good faith." (Dkt. 73 at 1.) The sham affidavit rule does not bar declarations on these grounds. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (citation omitted) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). The court **OVERRULES** Plaintiffs' objection that the declaration misstates the evidence. *See Bischoff*, 183 F. Supp. 3d at 1084 (the court does not consider objections based on the characterization or purported misstatement of the evidence). The court **OVERRULES** Plaintiffs' objection that the declaration was improperly submitted on Reply because Plaintiffs were given an opportunity to respond in a Surreply. (*See* Dkt. 76.)

     b. **Factual Background**

      Plaintiff McDowell is the author of a screenplay titled "I Never Heard My Father Speak." (Dkt. 69 (D. SUF No. 1).) Plaintiff and her company, Predestined Entertainment, LLC (collectively, "Plaintiffs"), registered the copyright to the screenplay on April 14, 2014. (D. SUF No. 2.) Defendants Webber Films, LLC and Joshua Webber (collectively "Defendants") later expressed interest in adapting the play into a movie. (D. SUF No. 3.) Plaintiffs and Defendants entered into an Option Agreement on December 8, 2016. (D. SUF No. 4.) According to the Option Agreement's terms, Defendants had six months, or until June 8, 2017, to exercise the option to acquire the ownership rights to the copyright in the screenplay. (D. SUF No. 5.) During this six-month option period, the agreement permitted Defendants to "undertake preproduction activities" to turn the play into something that could be filmed, "including the preparation and distribution of proposals, treatments, outlines, and teleplays." (D. SUF No. 8.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-EDate: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

___

Beginning in late 2016, Defendants proceeded to finish an adapted film screenplay from Plaintiff's theatrical stage work. (D. SUF No. 9.) Defendants began shooting principal photography for the film on December 26, 2016. (D. SUF No. 10.) Principal photography for the film ended on January 8, 2017. (D. SUF No. 11.) Plaintiff McDowell was present on the set for each day the film was being shot between December 26, 2016 and January 8, 2017. (D. SUF No. 12.) Defendants reshot a scene in the film sometime after June 8, 2017, and Plaintiff McDowell was aware of the re-shoot. (D. SUF Nos. 13, 14.) Defendants registered the copyright to the adapted film screenplay with the United States Copyright Office on April 17, 2017. (D. SUF No. 15.)

The film was subsequently released in movie theatres in November 2018 and premiered on Netflix in February 2019. (D. SUF No. 18.) At no point before or after the expiration of the six month option period did the Defendants pay Plaintiffs any money—including the amount specified in the Option Agreement, any royalties or other payment—from the distribution and/or exploitation of the copyright to the play. (D. SUF No. 19.) Plaintiffs filed their complaint against Defendants for copyright infringement on January 27, 2021. (D. SUF No. 20.)

On September 7, 2018, Defendant Webber sent Plaintiffs an email; in response to that email, Plaintiff McDowell's husband requested that Webber speak to his wife directly and send a written addendum to the option contract for Plaintiffs' consideration. (Dkt. 72 (P. SUF No. 7).) After discovering that Defendant Webber planned to release the film on November 1, 2018, Plaintiffs' counsel sent a cease and desist letter on October 26, 2018. (P. SUF No. 8.) After Plaintiffs discovered in October 2018 that Defendant Webber had filed copyright registrations for the film back in 2016 and 2017, Plaintiffs "confronted" Defendant Webber about the copyright registration. (P. SUF No. 11.) Defendant Webber apologized, stating this was "common practice," and he was just protecting everyone from any third party trying to steal the movie he produced. (*Id.*)

The parties dispute whether Defendants exercised the option under the Option Agreement and what rights Plaintiffs would have retained if Defendants did exercise the option. (D. SUF Nos. 6, 7.) The parties also dispute whether Defendants' adaptations continued into 2018. (D.

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-00729-FWS-E | Date: February 6, 2023 |
| Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.* | |

SUF No. 9.)  The parties dispute whether Defendants' April 17, 2017, and September 27, 2017, copyright registrations were for derivative works, and whether these registrations identified Defendants as the sole author of the works.  (D. SUF Nos. 16, 17.)

The parties also dispute whether Defendants recognized Plaintiff McDowell as the copyright owner in 2017 and 2018 by negotiating to acquire her copyright and whether Plaintiffs agreed that Defendants could "shop" the film around after the expiration of the Option Agreement.  (P. SUF Nos. 1, 2.)  The parties dispute whether Defendant Webber lied about promising to find a partner who could acquire Plaintiff's film rights before entering into any distribution or licensing deal and whether Defendant Webber entered into such deals with third parties in 2018 without Plaintiffs' permission.  (P. SUF Nos. 3, 4.)  The parties dispute whether, after signing the purportedly unauthorized 2018 distributing agreements, Webber emailed Plaintiffs and continued to negotiate an acquisition of their film rights, represented that he was "broke," and proposed to acquire the film rights in March 2019 after he received the first set of distribution checks.  (P. SUF Nos. 5, 6.)

The parties dispute whether Plaintiffs and Defendant Webber continued to negotiate the acquisition of Plaintiffs' rights in 2018.  (P. SUF No. 9.)  The parties also dispute whether Plaintiffs discovered in October 2018 that Defendant Webber had filed copyright registrations for the film back in 2016 and 2017, and the explanation that Defendant Webber offered for his actions.  (P. SUF Nos. 10, 12, 13.)
///
///
///

### III.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case, and the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-00729-FWS-E | Date: February 6, 2023 |
| Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.* | |

"substantive law [] identif[ies] which facts are material." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

    The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact."). The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

    Nevertheless, "inferences are not drawn out of thin air, but from evidence." *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-00729-FWS-E | Date: February 6, 2023 |
| Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.* | |

*Anderson*, 477 U.S. at 248 (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted). "Where no such showing is made, the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (cleaned up).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-00729-FWS-E | Date: February 6, 2023 |
| Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.* | |

## IV.  Discussion

Defendants move for summary judgment on Plaintiffs' claim of copyright infringement on the ground the claim is time-barred.  (Mot. at 11-20.)  Defendants argue the dispute concerns copyright ownership rather than infringement and the claim is now time-barred because the limitations period began running when Defendants repudiated Plaintiffs' rights in 2017.  (*Id*. at 14-20.)  Because the copyright infringement claim is Plaintiffs' only federal claim, Defendants further request that the court decline to consider Plaintiffs' remaining state law claims if it finds that Plaintiffs' copyright claim is untimely.  (*Id*. at 20-21.)

The court first considers the statute of limitations for copyright infringement claims and copyright ownership claims.

### a.  Statute of Limitations for Copyright Ownership and Copyright Infringement Claims

The Ninth Circuit has described a copyright ownership claim as one where the dispute centers on "a claim of authorship," *Aalmuhammed v. Lee,* 202 F.3d 1227, 1230 (9th Cir. 2000), or "co-ownership of a copyright," *Zuill v. Shanahan*, 80 F.3d 1366, 1370 (9th Cir. 1996).  In other words, "creation rather than infringement is the gravamen of an authorship claim." *Aalmuhammed*, 202 F.3d at 1230-31.  A copyright ownership claim is distinct from an infringement claim in that "[a]n infringement claim can be brought only against one who violates the exclusive rights of the copyright owner . . . and an owner does not have rights exclusive of a co-owner's, so an infringement claim cannot lie against a co-owner." *Zuill*, 80 F.3d at 1369.  Under the Copyright Act of 1976, a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410; *see also Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1076 (9th Cir. 2015) (finding that proof of ownership of a valid copyright was established by certificates of registration).

___

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                                Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

___

A copyright infringement claim, on the other hand, has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "In the ordinary infringement case, ownership is not in dispute . . . rather, the dispute centers on the second prong—whether, for example, the copying was a fair use, or whether the materials taken were original." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). (citation and internal quotation marks omitted); *see also Kiely v. Universal Music Grp.*, 2019 WL 9443183, at *3 (C.D. Cal. Dec. 12, 2019) ("Copyright infringement generally occurs when a copyrighted work is reproduced, distributed, performed, publicly displayed, or made into a derivative work without the permission of the copyright owner.").

Under the Copyright Act, all civil actions must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). "When a claim accrues depends on the nature of the copyright claim." *Seven Arts*, 733 F.3d at 1254. Where copyright ownership is at issue, the claim accrues "only once," "when plain and express repudiation of co-ownership is communicated to the claimant, and [is] barred three years from the time of repudiation." *Id.* (quoting *Zuill*, 80 F.3d at 1369). Thus, "where the gravamen of a copyright infringement suit is ownership, and a freestanding ownership claim would be time-barred, any infringement claims are also barred." *Seven Arts*, 733 F.3d at 1255; *see also Aalmuhammed*, 202 F.3d at 1230-31 (where "creation rather than infringement is the gravamen of an authorship claim, the claim accrues on account of creation, not subsequent infringement, and is barred three years from 'plain and express repudiation' of authorship").

The Ninth Circuit has held that to repudiate copyright ownership, that repudiation must be "plain and express." *See, e.g., Zuill*, 80 F.3d at 1371 (holding that a printed copyright notice provided in August 1986, written agreement claiming sole ownership of the copyright in January 1987, and a written statement of copyright ownership in spring of 1987 was "plain and express repudiation" that triggered the limitations period); *Welles v. Turner Ent. Co.*, 503 F.3d 728, 734 (9th Cir. 2007) (holding that correspondence between attorneys and inclusion of a screenplay in a "home video collector's gift set" was "not the plain and express repudiation of

___

**CIVIL MINUTES – GENERAL**

**11**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                          Date: February 6, 2023

Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

___

copyright ownership that our case law requires for the statute of limitations on a copyright ownership claim to begin running").

In contrast, where copyright infringement is at issue, "each new infringing act causes a new claim to accrue." *Seven Arts*, 733 F.3d at 1254. Accordingly, "an action may be brought for all acts that accrued within the three years preceding the filing of the suit." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).

    **b. Application**

In this case, Defendants argue they repudiated Plaintiffs' ownership rights in 2017 through the following actions: (1) creating derivative works in the form of the adapted film screenplay and movie; (2) failing to pay Plaintiffs; and (3) filing copyright registrations to the adapted film screenplay and movie without listing Plaintiffs as authors. (Mot. at 12-20; Reply at 3.) According to Defendants, Plaintiffs' copyright claim accrued in 2017 and expired sometime in 2020, rendering Plaintiffs' copyright claim filed in 2021 untimely. (*Id.*)

Plaintiffs argue that, even if the copyright infringement claim were treated as a copyright ownership claim, a genuine dispute of material fact exists as to whether there was a "plain and express" repudiation in 2017. (Opp. at 2.) Plaintiffs argue evidence exists that the parties continued to negotiate over Plaintiffs' copyright in 2018, Defendant Webber misled Plaintiffs, and Plaintiffs promptly sent a cease-and-desist letter after finding out that Defendant Webber planned to release the film. (*Id*. at 2-5.)

The court first reviews the undisputed relevant facts. It is undisputed that Plaintiff is the author of the screenplay and has a valid copyright registration (D. SUF Nos. 1, 2), the parties entered into an Option Agreement on December 8, 2016 regarding the play being adapted into a film (D. SUF Nos. 4, 5, 8), and Plaintiff McDowell was aware that filming took place from 2016 to 2017 (D. SUF Nos. 9-14). It is also undisputed that there was an email exchange between the parties in September 2018 involving some discussion of whether an addendum should be added to the Option Agreement. (P. SUF No. 7.) It is further undisputed that in

___

**CIVIL MINUTES – GENERAL**

12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                                        Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

October 2018, Plaintiffs' counsel sent a cease-and-desist letter to Defendants, Plaintiffs "confronted" Defendant Webber about copyright registrations he filed for the film back in 2016 and 2017, and Defendant Webber "apologized" for these registrations.  (P. SUF No. 8, 11.)  Finally, it is undisputed that Defendants have not paid Plaintiffs any money from the distribution and/or exploitation of the copyright to the play.  (D. SUF No. 19.)

The court finds it is unclear how ownership could be at issue given that the parties do not dispute Plaintiffs own the copyright for the underlying play.  (D. SUF Nos. 1, 2.)  *See* 17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material.").

Even assuming *arguendo* that the dispute could be construed as an ownership claim, the court finds that a genuine dispute of material fact exists as to whether Defendants repudiated Plaintiffs' ownership rights in 2017.  For example, Plaintiffs provide an email chain from August 27, 2018, and September 7, 2018, as evidentiary support for P. SUF No. 7, which is an undisputed fact.  (Hildebrand-McDowell Decl. ¶ 9, Exh. 5.)  As part of that email exchange, Defendant Webber stated in an August 27, 2018, email:

> To answer your questions I will always go by what I always promised which is: Tamera will hold exclusive sole Writer's credit on the film.  Her name is included solely on all press and billing blocks as the writer.  Her name will be on everything as the only writer as promised.  She will be included in every single press related event that distributor wants her to take part in.  Including all red carpet events and anything relative to the film in every way.
>
> We chose to take a fully independent route for ultimate success.  I do not have any advance monies from distributor to pay her now and only have a little bit of money left to bring us to the finish line with marketing the film.  Trust me, im not over here getting rich in the shadows.  I took 10k as a director/producer fee from the original budget and had to put well over 220k+ of my own money back into this project to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E     Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

> find success. I'm in for almost 600k at this point with the original plan to spend less then 250k. I also have been working tirelessly to to succeed with this film over the past 2 years completely unpaid and unable to make another film because I am so stuck financially with this one. I had to put my career on hold to find our path. You will never meet another independent filmmaker like me that puts it all on the line for everyone to win. We will surely win over the next year as we have a great product and found the right partnering companies to release with.
>
> She can expect her deferred writers check at some point in March 2019 when the first set of distribution checks come in. Hopefully we crush the market so investors get paid out in full and we start to rake in profits by then as well. Our end goal is a big netflix buyout for 1.5+million at some point early next year after theatrical. Then we sell tv ect. We will surely win with this route so that's why I stuck to the game plan.
>
> I will share every single statement and physical check images we receive from all distribution platforms with you just as I would with financial partners. I pride myself on honor with money so you can fully expect 6% of all profit we receive from the film for life.
>
> Lets focus all our efforts together on winning as you can see by the screenshots that I have left myself no other choice.

(*Id.*)

In response, Plaintiff's husband replied to the email on September 7, 2018, as follows:

> Hi Josh,
>
> Sorry for the delay man. I was just thinking of the best way to respond to all of this. Why haven't you told Tamera any of this? You should either email her or give her

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-00729-FWS-E                                                          Date: February 6, 2023
Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.*

> call letting her know everything because she [is] expecting payment now that the film is green lit for November 1st. Also, my suggestion is to "in good faith" draw up an addendum to original contract since the 6% of 300k budget has not been paid to her yet, per the contract that is due now. At least letting her know when to expect it. She should not be left in the dark about payment or anything else regarding this film. I know my wife, she will not be confident in payment of 6% of gross film profit, if 18k could not be paid in advance per the agreement. Please email her today, Josh. I want everything to go smoothly for the release of the film, and everyone to be treated fairly with no legal hassles stopping the progress. Please contact her. Thank you for your complete honesty and transparency.

(*Id.*)

The court finds that this email exchange in 2018 provides at least one example that a genuine dispute of material fact exists as to whether Defendants repudiated Plaintiffs' ownership rights in 2017. Per the plain text of the emails, Defendant Webber appears to have promised Plaintiffs in 2018 that he would "always go by what I always promised" and represented that Plaintiff McDowell would "hold exclusive sole Writer's credit on the film" with her name "included solely on all press and billing blocks as the writer" and "on everything as the only writer as promised." (*Id.*) Defendant Webber also states in the email that Plaintiff McDowell could "expect her deferred writers check at some point in March 2019 when the first set of distribution checks come in" and that Plaintiffs could "fully expect 6% of all profit we receive from the film for life." (*Id.*)

The court finds that Defendant Webber's representations do not sufficiently demonstrate the "plain and express" repudiation required to trigger the statute of limitations. *Compare Welles*, 503 F.3d at 734 (holding that correspondence between attorneys and inclusion of a screenplay in a "home video collector's gift set" did not constitute plain and express repudiation), *with Zuill*, 80 F.3d at 1371 (holding that written notices sent in 1986 and 1987 constituted plain and express repudiation that triggered the limitations period). To the contrary, the email exchange indicates that Defendant Webber was promising to pay Plaintiffs and give

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:21-cv-00729-FWS-E | Date: February 6, 2023 |
| Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.* | |

them "exclusive" and "sole" writing credit until at least August 2018.  (Hildebrand-McDowell Decl. ¶ 9, Exh. 5.)  *See In re Oracle Corp.*, 627 F.3d at 387 (the court may draw reasonable inferences but must draw such inferences in the non-moving party's favor).

   Moreover, the court finds that there is an additional genuine dispute of material fact regarding the three events that Defendants argue "repudiated" Plaintiffs' ownership rights in 2017, namely: (1) Defendants creating derivative works in the form of the adapted film screenplay and movie; (2) failing to pay Plaintiffs; and (3) filing copyright registrations to the adapted film screenplay and movie without listing Plaintiffs as authors.  (Mot. at 12-20.)  For example, Plaintiff McDowell states in her declaration that she was excited to be on the set of the film because she believed that Defendant Webber would fulfill his promise to pay her for the film rights, and she belatedly discovered that Webber had filed derivative copyright registrations without her permission.  (*See* Hildebrand-McDowell Decl. ¶ 7 (stating that Plaintiff "was excited to be on the set, watching the production of the film" because Defendant Webber had "promise[d] to acquire the film rights once he shopped it to a partner"); *id*. ¶ 12 (stating that Plaintiff "confronted" Defendant Webber after finding out that he had filed copyright registrations for the film back in 2016 and 2017).)  Accordingly, the court finds that a genuine dispute exists as to whether Defendants plainly and expressly repudiated Plaintiffs' ownership in 2017.

   For the purposes of deciding the Motion, the court need not determine when, in fact, Plaintiffs' copyright claim accrued.  *See* 17 U.S.C. § 507(b) (all civil copyright actions must be brought "within three years after the claim accrued").  However, the court finds that a genuine dispute of material fact exists as to whether Defendants sufficiently repudiated Plaintiffs' ownership in the copyright at issue in 2017—the sole issue presented by Defendants in the Motion.  Moreover, Plaintiffs have put forth evidence of Defendant Webber acknowledging Plaintiffs' ownership rights on August 27, 2018.  (Hildebrand-McDowell Decl. ¶ 9, Exh. 5.)  The court further observes that Defendants do not clearly argue alternative grounds for why Plaintiffs' claim would be time-barred.  (*See generally* Mot., Reply.)

___

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-00729-FWS-E | Date: February 6, 2023 |
| Title: Predestined Entertainment, LLC *et al.* v. Webber Films, LLC *et al.* | |

Given that the statute of limitations for any copyright claim is three years, the court concludes the record, including the genuine issues of material fact noted above, does not demonstrate that Plaintiffs' copyright infringement claim (Count II of the SAC), filed on January 27, 2021, is barred as a matter of law on the record before it. *See Celotex*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 250. Accordingly, because Defendants' arguments rest on the timeliness of Plaintiffs' copyright claim and Defendants do not sufficiently challenge the claim on any other grounds, the Motion is **DENIED**.

Defendants' remaining argument that the court should decline to exercise supplemental jurisdiction over Plaintiffs' other claims rests on the assumption that Plaintiffs' copyright claim is untimely (Mot. at 20-21), and thus, depend upon the summary judgment being granted for Defendant on the Plaintiffs' copyright infringement claim (Count II of the SAC). Accordingly, the Motion is **DENIED** as to Plaintiffs' remaining claims (all other claims in the SAC).

## V.  Disposition

For the reasons set forth above, the court **DENIES** the Motion.

Initials of Deputy Clerk:  mku

---

**CIVIL MINUTES – GENERAL**